UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:23-cr-392 (JEB) |
| v. : | |
| : | |
| CHRISTOPHER RODRIGUEZ, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO AMEND JUDGMENT AS TO RESTITUTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this response to Defendant Christopher Rodriguez's motion to amend judgment as to restitution (Def. Mot.), filed on May 6, 2025 (ECF No. 81). Because Defendant's motion raises no arguments not already addressed in his sentencing memo (*compare* ECF No. 81 at 1-3 *with* ECF No. 76 at 5-6) and considered by this Court, his request to eliminate his restitution obligation should be denied.

Regarding Defendant's representations regarding the 2016 Jeep Patriot, the government notes that it has repeatedly contacted Defendant's counsel about taking possession of the vehicle since at least January 2024. Ultimately, the ATF decided to declare the vehicle abandoned and institute forfeiture proceedings because counsel for Defendant had not identified a person to whom the Jeep can be released.

Further, Defendant further states in his motion that he "has approximately three thousand dollars ($3,000) in a bank account that has been frozen by the United States Government and approximately two thousand five three hundred and thirty-five dollars ($2,335.00) in U.S. Currency seized by the ATF upon Mr. Rodriguez's arrest." ECF No. 81 at 2. The government has not seized or caused to be frozen any assets of Defendant's, including the referenced bank account. Further, the government has informed Defendant that it will be returning the $2,335 in U.S.

currency seized from Defendant on his arrest. Defendant should not be relieved of his restitution obligation based on these allegations.

As for Defendant's request that the restitution amount be offset "by any and all monies recuperated by XL Insurance after the sale of the sculpture or its material scraps" (ECF No. 81 at 3), the Court should clarify that it is Defendant's burden to justify any such offsets. Lastly, the government does not object to the restitution payments beginning on Defendant's release from custody and the payments being limited to $100 per month.

## CONCLUSION

Defendant's motion to eliminate his restitution obligation should be denied. His request to offset the total restitution amount by any money recuperated by XL Insurance should be granted only if the Court clarifies that it will be Defendant's burden to justify any such offsets. Finally, the government does not oppose Defendant's motion to amend the judgment to state that restitution payments shall begin on Defendant's release from custody and shall be limited to $100 per month.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY
N.Y. Bar Number 1387455

By: */s/ Jolie Zimmerman*
JOLIE F. ZIMMERMAN
Assistant United States Attorney
D.C. Bar Number 465110
STUART D. ALLEN
Assistant United States Attorney
D.C. Bar No. 1005102; N.Y. Bar No. 4839932
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
(202) 252-7220 (Zimmerman)

(202) 252-7794 (Allen)
Jolie.Zimmerman@usdoj.gov
Stuart.Allen@usdoj.gov